MICHAEL A. PIESCIK, ESQ
ENARA LAW PLLC
8275 S. Eastern Ave., Suite 200
Las Vegas, NV 89129
Tel: (702) 827-5559
E-mail: michael@enaralaw.com
*Attorney for Plaintiff SF Hawaii 88 LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SF Hawaii 88, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GGP ALA Moana, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND RELATED STATE LAWS AND REQUEST FOR JURY TRIAL** |

Plaintiff, SF Hawaii 88, LLC ("Plaintiff"), by and through its attorney of record, Michael Piescik, Esq. of Enara Law, PLLC, and for his claims for relief against GGP ALA Moana, LLC ("Defendant") complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this action is between citizens of different states.

2. Plaintiff is a Nevada limited liability company whose members are citizens of Nevada, and Defendant is a Delaware limited liability company with its principal place of business outside Nevada.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides and maintains its principal place of business in Nevada, Plaintiff negotiated

1

and executed the Lease in part from Nevada, and a substantial part of the harm, injury, and financial losses were suffered by Plaintiff in this District.

## PARTIES

4.     Plaintiff SF Hawaii 88, LLC ("Plaintiff" or "Tenant") is a Nevada limited liability company, duly organized under the laws of the State of Nevada, and registered to do business in the State of Hawaii. At all relevant times, Plaintiff was the tenant under a commercial lease for premises located at Ala Moana Center, Honolulu, Hawaii.

5.     Defendant GGP Ala Moana, LLC ("Defendant" or "Landlord") is a Delaware limited liability company, authorized to do business in the State of Hawaii, and the landlord and owner of Ala Moana Center, including the leased premises identified below.

## FACTUAL ALLEGATIONS

6.     On or about July 29, 2021, Plaintiff entered into a written lease agreement with Defendant for retail space identified as Location 4230 in Ala Moana Center, Honolulu, Hawaii (the "Premises").

7.     At the time the lease was executed, Defendant failed to disclose a material and latent defect in the Premises—specifically, longstanding plumbing problems that had persisted for years and caused leaks into the spaces below.

8.     Defendant knew of these defects prior to execution of the lease but failed to disclose them to Plaintiff.

9.     After Plaintiff took possession, the undisclosed plumbing defects caused significant damage, construction delays, and additional costs.

10.     Plaintiff was required to spend substantial and unforeseen sums to address the plumbing defects, which delayed its build-out and opening of the restaurant.

11. Plaintiff was required to pay rent during the delay period despite being unable to operate, resulting in financial harm, including loss of business income and brand denigration of the well-known Sugar Factory brand

12. Defendant also exercised approval rights over the construction of the build-out and strongly recommended that Plaintiff hire a contractor who Defendant favored.

13. The Defendant's favored contractor performed inadequately, frequently failed to appear, and performed substandard work, further delaying the project.

14. Plaintiff was forced to retain an additional local restaurant manager to oversee the project.

15. As a result of Defendant's failure to disclose material defects, negligent recommendations, and unreasonable interference in the build-out process, Plaintiff incurred excessive costs, delays, lost profits, and reputational damage.

16. Ultimately, the restaurant was unable to overcome these burdens and was forced to close.

## COUNT I

### Breach of Lease / Breach of Contract

17. Plaintiff re-alleges and incorporates Paragraphs 1 through 16 as though fully set forth herein.

18. Defendant materially breached the Lease by failing to disclose known defects in the Premises that rendered the property unsuitable for its intended use.

19. Defendant further breached by interfering with Plaintiff's build-out through imposing and recommending contractors who were inadequate and performed substandard work.

20. As a direct and proximate result of Defendant's breaches, Plaintiff suffered damages including, but not limited to, build-out costs, rent paid without use, lost business income, and brand damage.

## COUNT II

### Breach of the Implied Covenant of Good Faith and Fair Dealing

21. Plaintiff re-alleges and incorporates Paragraphs 1 through 20.

22. Every contract, including the Lease, contains an implied covenant of good faith and fair dealing.

23. Defendant breached this covenant by concealing known defects, failing to act fairly in exercising approval rights, and steering Plaintiff toward an incompetent contractor.

24. As a result, Plaintiff suffered the damages described above.

## COUNT III

### Fraudulent Concealment / Non-Disclosure

25. Plaintiff re-alleges and incorporates Paragraphs 1 through 24.

26. Defendant knew of the longstanding and material plumbing defect in the Premises prior to the execution of the Lease.

27. Defendant concealed this fact and failed to disclose it despite having a duty to disclose material defects that were not reasonably discoverable by Plaintiff.

28. Defendant concealed this material fact with the intent to conceal this information so Plaintiff would enter into the Lease, because it knew or reasonably should have known Plaintiff would not enter into the lease of the Premises when such a major plumbing defect was present.

29. Plaintiff reasonably relied on Defendant's nondisclosure to its detriment, without knowledge of the defect, entering into the Lease and expending substantial funds.

4

30. Plaintiff has suffered damages proximately caused by Defendant's fraudulent concealment.

## COUNT IV

### Negligence

31. Plaintiff re-alleges and incorporates Paragraphs 1 through 29.

32. Defendant owed Plaintiff a duty to exercise reasonable care in disclosing material conditions of the Premises and in recommending contractors to perform the build-out.

33. Defendant breached this duty by concealing known plumbing defects and by negligently recommending or requiring use of an incompetent contractor.

34. Defendant's breaches caused Plaintiff foreseeable harm, including financial losses, delays, reputational harm, and ultimate closure of the business.

35. In committing the Misrepresentation Violations, the Defendant knowingly or negligently made false representations.

36. The Defendant knew or should have known that their representations were false, and/or did not have a sufficient basis of information to make such representations.

37. The Defendant's misrepresentations induced the Plaintiff, and the Court, to act in reliance upon misrepresentations.

38. The plaintiff suffered damages as a result of Defendant's misrepresentations.

## COUNT V

### Fraudulent Inducement

39. Plaintiff re-alleges and incorporates Paragraphs 1 through 38.

40. Defendant was aware of the plumbing defects, and instead both made a false statement that the plumbing fixtures were in proper working order and also concealed that the plumbing fixtures were present.

41. The Defendant knew these statements, regarding the plumbing of the Premises, clearly a material aspect of the Agreement, were false.

42. The Defendant made these false statements and concealed the true state of the Premises' plumbing so Plaintiff would enter the Contract and be forced to expend significant funds related to the Premises. The Defendant acted intentionally to ensure Plaintiff would lease the Premises.

43. The Plaintiff relied on the Defendant's representations and concealment, as it knew the Defendant would be one of the most knowledgeable persons regarding the condition of the Premises.

44. The Plaintiff justifiably relied on the Defendant's failure to disclose and made false statements regarding the state of the Premises' plumbing, which the Plaintiff reasonably relied on the Defendant's statements and actions.

45. The Plaintiff suffered damages because of Defendant's concealment and false statements in an amount to be determined at trial.

46. The Defendant took these actions because of their malicious, fraudulent, and oppressive conduct, and Plaintiff respectfully requests the Court enter judgment intending to punish Defendant in the form of punitive damages to deter such future conduct.

## **DAMAGES**

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount to be proven at trial, including but not limited to:

- Out-of-pocket construction and repair costs;
- Rent and charges paid during periods when the business could not operate;
- Lost profits and business opportunities;
- Loss of goodwill and brand value; and
- Other consequential and incidental damages.

6

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A. For general and special damages in an amount to be determined at trial but in excess of $75,000.00;

B. For consequential and incidental damages;

C. For punitive damages on the fraud and negligent misrepresentation claims;

D. For attorneys' fees and costs as permitted by law;

E. For pre and post judgment interest; and

F. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury of all the issues in this action.

**DATED** this 22nd day of September, 2025.

        **ENARA LAW PLLC**

        By: */s/ Michael A. Piescik*
            MICHAEL A. PIESCIK, ESQ.
            Nevada Bar No.: 13224
            8275 S. Eastern Ave., Suite 200
            Las Vegas, NV 89129
            Tel: (702) 827-5559
            E-mail: michael@enaralaw.com
            *Attorneys for Plaintiff*
            *SF Hawaii 88 LLC*