KAEMPFER CROWELL
Anthony J. Celeste, No. 8776
Isabella Goldsmith, No. 16870
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: aceleste@kcnvlaw.com
Email: igoldsmith@kcnvlaw.com

*Attorneys for Defendant*
*GGP ALA Moana, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SF HAWAII 88, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>GGP ALA MOANA, LLC, a Delaware liability company,<br><br>Defendant. | Case No. 2:25-cv-01778-JAD-EJY<br><br>**MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE**<br><br>**ORAL ARGUMENT REQUESTED** |

Defendant GGP Ala Moana LLC moves this Court to dismiss the complaint ("Complaint" ECF No. 1). This motion is made pursuant to Rules 9 and 12 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and 28 U.S.C. § 1391. Alternatively, Ala Moana moves this Court to transfer venue to the Hawaii District Court pursuant to 28 U.S.C. §§ 1404 and 1406 and the forum selection clause of the governing agreement between the parties.

Pursuant to LR 7-2 and based on the Memorandum of Points and Authorities below, the exhibit attached hereto and incorporated by reference, together with the pleadings and papers on file herein and any oral argument that may be adduced at a hearing of this matter, the Court

should grant this motion, without leave to amend.

KAEMPFER CROWELL

By: _____

Anthony J. Celeste, No. 8776
Isabella Goldsmith, No. 16870
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

*Attorneys for Defendant*
*GGP ALA Moana, LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Four independent grounds, each fatal to Plaintiff's claims mandate dismissal: (1) this Court lacks personal jurisdiction of GGP Ala Moana, LLC, a Delaware limited liability company ("Ala Moana") with no meaningful Nevada contacts; (2) all claims are time-barred by the statute of limitations set forth in the governing agreement between the parties; (3) Plaintiff's fraud claims fail to meet the heightened pleading standard required, and (4) this Court is an improper venue under 28 U.S.C. § 1391 and the choice of forum provision of the governing agreement between the parties.

The first ground alone is dispositive under Fed. R. Civ. P. 12(b)(2). This Court lacks jurisdiction over Ala Moana whose only alleged connection to Nevada is entering into a lease agreement ("Lease") with Plaintiff to lease Plaintiff commercial space to operate a Sugar Factory restaurant in the Ala Moana Shopping Center ("Shopping Center") located in Honolulu, Hawaii. Ala Moana did not negotiate the Lease in Nevada, nor purposefully avail itself of the benefits or protections of Nevada at any time.

The remaining grounds provide additional independent bases for dismissal. Plaintiff negotiated and accepted an eighteen-month contractual limitation on bringing suit arising

KAEMPFER
CROWELL

from Plaintiff's use and occupancy of this commercial space. Plaintiff's Complaint was filed beyond the eighteen-month period and warrants dismissal under Fed. R. Civ. P. 12(b)(6). Plaintiff's fraud claims are deficient in that they fail to make allegations of who, what, where, or how any alleged fraudulent conduct occurred.

Finally, Plaintiff's complaint fails to meet the venue requirements of 28 U.S.C. § 1391 in that Ala Moana is not a resident of Nevada, the alleged events or omissions did not occur in Nevada, and the property that is the subject of the action is not situated in Nevada. Alternative to dismissal, this Court should transfer venue to the United States District Court, District of Hawaii pursuant to 28 U.S.C. §§ 1404(a) or 1406(a) or Ala Moana's choice of venue pursuant to the parties' contractual choice of forum provision in the Lease.

## II. FACTUAL BACKGROUND

### A. Ala Moana is Domiciled in Delaware and Hawaii

Ala Moana was organized as a limited liability company in the state of Delaware. Ex. A, Decl. of Christopher Brandon at ¶ 4. Its sole business is the operation of the Shopping Center in Honolulu, Hawaii. *Id.* at ¶ 6. Its principal place of business is in Hawaii with no business in any other state. *Id.* at ¶ 5.

### B. The Property Plaintiff Leased is Located in Honolulu, Hawaii

Plaintiff leased 6,426 square feet of space in the Shopping Center located at 4230 Ala Moana Center ("Leased Premises"). *Id.* at ¶ 10. Ala Moana did not negotiate, execute, or amend the Lease in Nevada. *Id.* at ¶ 11. Instead, the Lease was negotiated via a series of email and telephone exchanges. *Id.* The Lease began on July 29, 2021. *Id.* at ¶ 10. Plaintiff inspected the Leased Premises and acknowledged and accepted that it was taking possession in an "as is" condition, including patent and latent defects. *Id.* at ¶ 12. Plaintiff's permitted use of the Lease Premises was to operate a Sugar Factory restaurant. *Id.* at ¶ 10.

KAEMPFER
CROWELL

C.    **Key Lease Provisions**

The Lease between Plaintiff and Ala Moana contains several critical provisions related to the motion to dismiss.

First, the Lease contains a provision defining the statute of limitations for claims based upon or arising in connection with the Lease:

> Any claim, demand, right or defense by Tenant which is based upon or arises in connection with this Lease or the negotiation of this Lease prior to its execution shall be barred unless Tenant commences an action or interposes a legal proceeding or defense within ~~1 year~~ **18 months** after the date of the inaction, omission or occurrence of the event, or the action to which the claim, demand, right or defense relates." *Id.* at ¶ 14 (strikethrough and emphasis in original)

Second, the Lease contains a forum selection clause that allows Ala Moana to determine the venue:

> "If either party institutes legal suit or action for enforcement of an obligation, Landlord may determine the venue." *Id.* at ¶ 15.

Third, the Lease contains a provision wherein Plaintiff acknowledged that it had inspected the Leased Premises and accepted them in an "as-is" condition. *Id.* at ¶ 13.

D.    **Various Lease Amendments and Assignment**

Plaintiff's Lease was subsequently amended five separate times to account for delays in construction of the Leased Premises. *Id.* at ¶¶ 21–27. In the Fifth Assignment and Amended ("Assignment"), executed on July 16, 2025, and deemed effective as of June 1, 2025 ("Effective Date"), Plaintiff assigned its Lease rights to Yamashiro Hawaii LLC, a California limited liability company. *Id.* at ¶ 27. In this assignment, Plaintiff assigned, transferred and conveyed all of its rights, title and interest under the Lease to Yamashiro. *Id.* at ¶ 28.

///

KAEMPFER
CROWELL

**E.**     **Ala Moana's Lack of Contacts with Nevada**

The only party with any Nevada ties is Plaintiff. Ala Moana did not visit Nevada nor purposefully direct any efforts towards Nevada in the course of leasing the Leased Premises to Plaintiff. *Id.* at ¶11. Ala Moana does not hold title to any Nevada real estate, does not maintain an office or other facility in Nevada, does not employ any employees, agents, or representatives in Nevada, does not maintain any Nevada bank accounts, does not engage in any Nevada-based business ventures, nor pay taxes in Nevada. *Id.* at ¶ 7.

**III.**     **ARGUMENT**

**A.**     **The Complaint Should be Dismissed for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2)**

Due process requires that a nonresident defendant have minimum contacts with the relevant forum such that the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1089–90 (9th Cir. 2023) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The Plaintiff bears the burden of establishing proper personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (holding that when a defendant challenges personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of demonstrating that jurisdiction is proper). The Plaintiff must demonstrate sufficient facts to support its allegation of personal jurisdiction. *ESGS Inc. v. Seven Mile Food & Beverage, LLC*, 2023 WL 2561157, at *3 (D. Nev. Mar. 17, 2023) (finding a plaintiff is "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction."). A court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Id.* (cleaned up).

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary

judgment. *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal citations omitted). This Court, "may look at outside evidence beyond the complaint . . . to decide the motion to dismiss for lack of jurisdiction." *Gesty v. United States*, 400 F. Supp. 3d 859, 865 (D. Ariz. 2019) (citing *Safe Air For Everyone*, 373 at 1039 (9th Cir. 2004)).

Personal jurisdiction may be general or specific. *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1161 (9th Cir. 2023).

### 1. This Court Lacks General Personal Jurisdiction Over Ala Moana

General personal jurisdiction permits a court to hear "any and all claims" brought against a defendant, *Goodyear Dunlop Tires Operations, S.A. v. Brown* 564 U.S. 915, 919 (2011), concerning any of the defendant's activities "anywhere in the world," *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 592 U.S. 351, 358 (2021). For a court to exercise general personal jurisdiction over a defendant corporation, the defendant's contacts with the forum state must be "so continuous and systematic as to render it essentially at home in the forum State." *Goodyear*, 564 U.S. at 919 (cleaned up). A corporation is "at home" in "its place of incorporation and principal place of business," and "in an exceptional case a corporation might also be at home elsewhere." *Ford*, 592 U.S. at 359 (cleaned up).

Plaintiff's Complaint does not invoke general personal jurisdiction over Ala Moana. Plaintiff's only statement in the Complaint that contemplates personal jurisdiction states that, "Plaintiff is a Nevada limited liability company whose members are citizen of Nevada, and Defendant is a Delaware limited liability company with its principal place of business outside Nevada." ECF No. 1 at ¶ 2. Plaintiff acknowledges that Ala Moana's place or organization and principal place of business are both outside of Nevada.

///

Moreover, Plaintiff has not alleged that Ala Moana has *any* continuous and systematic contacts with Nevada to give rise to general personal jurisdiction. As such, general personal jurisdiction fails.

### 2. This Court Lacks Specific Personal Jurisdiction Over Ala Moana

With respect to specific personal jurisdiction, the Plaintiff bears the burden of proving that the non-resident defendants purposefully availed themselves of the privilege of conducting activities in the forum, and that the Plaintiff's claims arise out of or relate to the defendants' forum-related activities. *Davis*, 71 F.4th at 1162. Even if the plaintiff meets that burden, the defendants may defeat personal jurisdiction by showing that the exercise of jurisdiction would not be reasonable. *Silk v. Bond*, 65 F.4th 445, 458 (9th Cir. 2023).

Analysis of specific personal jurisdiction leads to the same conclusion that jurisdiction is lacking. To subject a defendant to the court's specific jurisdiction, the defendant must "take some act by which it purposefully avails itself of the privilege of conducting activities within the forum State," and the plaintiff's claims must "arise out of or relate to the defendant's contacts with the forum." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 503 (9th Cir. 2023) (cleaned up). "The law of specific jurisdiction thus seeks to ensure that States with 'little legitimate interest in a suit do not encroach on States more affected by the controversy.'" *Ford*, 592 U.S. at 360 (quoting *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255 (2017)).

Purposeful availment requires that the defendant "deliberately reached out beyond its home—by, for example, exploiting a market in the forum State or entering a contractual relationship centered there." *Ford*, 592 U.S. at 359 (cleaned up). Not just any contractual links to the forum will suffice; rather, the contractual relationship must be "centered" in the forum to trigger its specific jurisdiction over the contracting parties. *Id.*; *Glob. Verge, Inc. v. Rodgers*, 2011

KAEMPFER
CROWELL

1   WL 70611, at *3 (D. Nev. Jan. 7, 2011) ("To determine that merely entering a contract with a

2   foreign entity in one's home states submits that person to jurisdiction in the state where that entity

3   may be incorporated is nonsensical and does not take into account the practicalities of

4   commerce."); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985) (holding that an

5   individual's contract with an out-of-state party cannot, by itself, establish sufficient minimum

6   contacts in the other party's home forum).

7       In *Burger King*, the defendant franchisee reached out beyond his home state of

8   Michigan to purchase a franchise and "entered into a carefully structured 20-year relationship that

9   envisioned continuing and wide-ranging contacts with Burger King in Florida[,]" including

10   regulation of his business from Burger King's Miami headquarters and his contractually required

11   payments to Burger King in Miami. *Id.* at 479–480.

12       Ala Moana did not enter into a contract in Nevada, but one in Hawaii, where it

13   anticipated such "continuing and wide-ranging contacts" would happen only at the Leased

14   Premises in Hawaii. The Lease was negotiated and executed by representatives of Ala Moana via

15   email and telephone negotiations.   *Id.* at ¶ 11. In short, the negotiation, execution, and

16   implementation of the Lease had nothing to do with Nevada, much less was the Lease "centered

17   in" Nevada. The Leased Premises is and always has been in Hawaii. For these reasons, the District

18   of Nevada lacks specific personal jurisdiction over Ala Moana.

19           **3.   Nevada's Long-Arm statute does not provide personal
                   jurisdiction over Ala Moana**

20

21       "The general rule is that personal jurisdiction over a defendant is proper if it is

22   permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due

23   process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Nevada's long-arm

24   statute, allows courts to exercise jurisdiction so long as it is consistent with federal due process.

KAEMPFER
CROWELL

Nev. Rev. Stat. § 14.065(1).

"Due process requires that to exercise personal jurisdiction over a defendant, the defendant must 'have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quotation omitted); *see Sternberg v. Warneck*, No. 2:23-cv-01466-APG-EJY, 2024 U.S. Dist. LEXIS 130296, at *5-6 (D. Nev. July 23, 2024).

### i.    Ala Moana Has No Minimum Contacts with Nevada

In evaluating whether there are minimum contacts in the forum state, the foreseeability of being haled into court there is critical to the due process analysis. *Burger King*, 471 U.S. at 474 (citations omitted). Specifically, the unilateral activity of Plaintiff seeking out its rental opportunity in Hawaii cannot satisfy the requirement of contact with the forum state; rather it is the quality and nature of Ala Moana's activities and whether Ala Moana purposefully availed itself of the privilege of conducting activities in Nevada that is considered. *Id.* at 474–75, citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *McGee v. International Life Insurance Co.,* 355 U.S. 220, 223 (1957) (finding jurisdiction proper where contacts proximately result from actions by the defendant *himself* that create a "substantial connection" with the forum state.)

While Plaintiff's Complaint asserts subject matter jurisdiction, it is void of any allegation of personal jurisdiction and instead only addresses venue.  ECF 1 at ¶ 3. Ala Moana is a Delaware limited liability company established for the sole purpose of operating the Ala Moana Shopping Center in Hawaii. Its corporate headquarters are outside of Nevada and its principal place of business is in Hawaii. See Ex. A., Decl. of Christopher Brandon at ¶ 5. Ala Moana does not employ anyone in Nevada and does not file taxes in Nevada. *Id.* at ¶ 7. Ala Moana has virtually no ties to Nevada other than its Lease with Plaintiff and being named as a defendant in this suit. *Id.*  Ala Moana does not operate its business in Nevada, is not domiciled in Nevada, does not

employ anyone in Nevada, and does not file taxes in Nevada. *Id.* Ala Moana has virtually no ties to Nevada outside of being brought as a defendant in this suit. *Id.* at ¶ 7. Plaintiff's Complaint fails to establish that Ala Moana has minimum contacts with Nevada for the simple reason that there are none.

ii.    **Assertion of Personal Jurisdiction Over Ala Moana Would Run Afoul of Fair Play and Substantial Justice and Would Be Unreasonable**

Even if Plaintiff could show purposeful availment and minimum contacts with Nevada—which it cannot—the exercise of personal jurisdiction must still be reasonable. *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991). In determining reasonableness, courts consider multiple factors: 1) the extent of the defendant's purposeful interjection into the forum state's affairs; 2) the burden on the defendant; 3) conflicts of law between the forum and defendant's home jurisdiction; 4) the forum's interest in adjudicating the dispute; 5) the most efficient judicial resolution of the dispute; 6) the plaintiff's interest in convenient and effective relief; and 7) the existence of an alternative forum. *Id.*

These factors weigh heavily against the reasonableness of personal jurisdiction in Nevada. Ala Moana has not interjected itself into Nevada's affairs and does not own or conduct business in Nevada. Ex. A, Decl. of Christopher Brandon at ¶ 6. The Leased Premises is situated in Hawaii, all aspects of the Lease call for performance in Hawaii, and the Sugar Factory restaurant, brand, and operations are solely within the control of Plaintiff. *Id.* at ¶¶ 3, 6. Ala Moana merely provided the Leased Premises on an "as is" basis and maintain the Leased Premises in Hawaii as required under the Lease. *Id.* at ¶ 13.

Plaintiff's allegations are derived from alleged plumbing defects in the Leased Premises, costs associated with the build-out of the Leased Premises, alleged damage to the Leased Premises, construction delays with the Leased Premises, loss of income from the restaurant located

KAEMPFER
CROWELL

on the Leased Premises, and statements about or nondisclosures concerning the Leased Premises. ECF No. 1 at ¶¶ 6-16. All witnesses with personal knowledge surrounding the Leased Premises and each of the allegations are located in Hawaii, rendering defense of a lawsuit in Nevada a burden on Ala Moana. Ex. A, Decl. of Christopher Brandon at ¶¶ 16-20.

Given the location of the Leased Premises, Hawaii law, rather than Nevada law will apply in evaluating Plaintiff's claims both with respect to the Lease and the alleged fraud. Hawaii offers the most efficient judicial resolution of the issues presented. Each of these factors favor a finding that it is unreasonable to find personal jurisdiction exists.

Finally, Nevada has no interest in this dispute. The Shopping Center, all potential witnesses to the alleged plumbing issues, all employees and leasing agents are located in Hawaii. *Id.* at ¶¶ 16-20. Hawaii is the only jurisdiction with an interest in adjudicating the dispute.

For all of these reasons, personal jurisdiction over Ala Moana in the Nevada District Court is not reasonable.

**B.    The Complaint Should Be Dismissed Because the Statute of Limitations Has Expired Per the Lease**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed on the grounds that it is untimely. "A claim may be dismissed as untimely pursuant to a Fed. R. Civ. P. 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." *Thomas v. Cty. of Humboldt*, 124 F.4th 1179, 1184 (9th Cir. 2024). The statute of limitations begins to run on a claim "when a plaintiff knows or has reason to know of the actual injury, not when the challenged ordinance was enacted." *Id.*

Parties to a contract may agree to a limitation period for initiating a legal action that is shorter than the statutory period, provided that the agreed upon statute of limitations is reasonable. *Han v. Mobil Oil Corp.*, 73 F.3d 872, 874 (9th Cir. 1995) ("A contractual limitation

KAEMPFER

CROWELL

period requiring a plaintiff to commence an action within twelve months following the event giving rise to a claim is a reasonable limitation that generally manifests no undue advantage and no unfairness.")

Here, Ala Moana and Plaintiff agreed in the Lease to a provision shortening the statute of limitations period to bring a claim:

> "Any claim, demand, right or defense by Tenant which is based upon or arises in connection with this Lease or the negotiation of this Lease prior to its execution shall be barred unless Tenant commences an action or interposes a legal proceeding or defense within ~~1 year~~ **18 months** after the date of the inaction, omission or occurrence of the event, or the action to which the claim, demand, right or defense relates."

Ex. A, Decl. of Christopher Brandon at ¶ 14 (emphasis in original).

Here, each of Plaintiff's claims arise out of the Lease or purported fraud claims arising in connection with the negotiation of the Lease prior to its execution. ECF No. 1. Although Plaintiff makes no factual assertion as to the discovery of its claims, several factual assertions, if taken as true, demonstrate that more than 18 months have passed since discovery.

Plaintiff alleges, "*After Plaintiff took possession,* the undisclosed plumbing defects cause significant damage, construction delays, and additional costs." *Id.* at ¶ 9 (emphasis added). Plaintiff further alleges, "Plaintiff was required to spend substantial and unforeseen sums to address the plumbing defects, which *delayed its build-out and opening of the restaurant.*" *Id.* at ¶ 10 (emphasis added). Taken together, these two allegations indicate the alleged plumbing defects were discovered after taking possession, during the construction period, and before opening the restaurant. Plaintiff has bound itself to this date of discovery range.

Plaintiffs opened its Sugar Factory restaurant on October 31, 2023. Ex. A., Decl. of Christopher Brandon at ¶ 24. Based on Plaintiff's own factual allegations, it discovered the alleged plumbing defects giving rise to its Complaint prior to the construction delays, prior to the

KAEMPFER
CROWELL

build-out delays, and prior to the opening of the restaurant.  Using the very latest date of opening

day, Plaintiff's contractual statute of limitations expired on April 30, 2025, nearly six months prior

to the filing of the Complaint.

Plaintiff's Complaint untimely and warrants dismissal pursuant to Fed. R. Civ. P.

12(b)(6).

**C.    Plaintiff's Fraud Claims Fail to Meet the Heightened Pleading Standard**

Plaintiff's Third and Fifth Causes of Action for fraudulent concealment and

fraudulent inducement should be dismissed as Plaintiff failed to meet the heightened pleading

standard set forth in Fed. R. Civ. P. 9(b).  Under this standard, the plaintiff "must state with

particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  A pleading

satisfies this standard if it identifies "the who, what, when, where, and how" of the misconduct

charged.  V*ess v. Ciba-Geigy Corp.* USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).

A plaintiff cannot solely rely on "neutral facts necessary to identify the transaction.  The plaintiff

must set forth what is false or misleading about a statement, and why it is false." *Id.*  (alteration

in original) (internal quotation marks omitted) (quoting *Decker v. GlenFed, Inc.* (*In re Glenfed,

Inc. Sec. Litig.*), 42 F.3d 1541, 1548 (9th Cir. 1994)); *see also McCarrell v. Rugsusa, LLC*, No.

3:25-cv-00454-AB, 2025 U.S. Dist. LEXIS 151958, at *5 (D. Or. Aug. 7, 2025).

Fed. R. Civ. P. 9(b) requires this heightened detail so that defendants have

sufficient, fair notice of the misconduct constituting the fraud, "so that they can defend against the

charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727

(9th Cir. 1985).

Here, Plaintiff's Third Cause of Action alleges fraudulent concealment.  Factually,

the Complaint asserts Ala Moana failed to disclose "longstanding plumbing problems" or defects

without any further description.  ECF No. 1 at ¶¶ 7, 26.  The vague pleading fails to provide sufficient detail to discern who knew such a plumbing defect existed, who concealed said plumbing issue, and under what circumstances and location there was a discussion about the plumbing to have concealment.  It further lacks any detail or information as to what the alleged defect is or was, where in the plumbing system this alleged problem was located, or how Ala Moana purportedly concealed the issue.  Ala Moana is an entity, not a person, and therefore must have had a representative doing the alleged "concealment". ECF No. 1 at ¶ 27.  Plaintiff, however, has failed to provide a name for this person. Additionally, Plaintiff signed the Lease, which contains an "as-is" provision.

Plaintiff's Fifth Cause of Action similarly lacks the heightened details and factual assertions for a fraudulent inducement claim.  Plaintiff alleges Ala Moana "made a false statement that the plumbing fixtures were in proper working order and also concealed that the plumbing fixtures were present."  ECF No. 1 at ¶ 40.  Yet, this allegation again fails to provide details regarding what plumbing fixtures were allegedly inoperable or missing. It also fails to identify who made such statements, when such conversation took place, and where such conversation took place.  As with the Third Cause of Action Plaintiff's identification of "who" is lacking when Ala Moana is an entity and not an individual.

For these reasons, this Court should dismiss Plaintiff's Third and Fifth Causes of Action for failure to meet the heightened pleading standard as set forth in Fed. R. Civ. P. 9(b).

### D.    Plaintiff's Claims Should be Dismissed for Improper Venue

Fed. R. Civ. P. 12(b)(3) allows a party to move for dismissal for improper venue, and the Plaintiff bears the burden of establishing proper venue. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). When a case is filed in the wrong district, the court must dismiss the case, "or if it be in the interest of justice, transfer such case to any district

KAEMPFER
CROWELL

or division in which it could have been brought." 28 U.S.C. § 1406(a). "When considering a motion

to dismiss for improper venue, a court is not required to accept the pleadings as true and may

consider facts outside the pleadings." *Doe 1 v. AOL*, LLC, 552 F.3d 1077, 1081 (9th Cir. 2009).

Proper venue is governed by 28 U.S.C. § 1391 which provides, in pertinent part:

**(b)Venue in General.—**A civil action may be brought in—

**(1)** a judicial district in which any defendant resides, if all
defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or
omissions giving rise to the claim occurred, or a substantial part of
property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which
any defendant is subject to the court's personal jurisdiction with
respect to such action.

### 1.    Defendant Does Not Reside in Nevada

Residency of a defendant entity is any judicial district in which the defendant is

subject to the court's personal jurisdiction with respect to the civil action in question.  28 U.S.C. §

1391(c)(2).  As set forth above, Ala Moana's is a Delaware entity with a principal place of business

in Hawaii and is not subject to the Nevada District Court's personal jurisdiction.  Accordingly,

venue is not proper under 28 U.S.C. § 1391(a)(1).

### 2.    The Alleged Events or Omissions Did Not Occur in Nevada and the Property That is the Subject of the Action is Not Situated in Nevada

The substantial part of the events of omissions giving rise to Plaintiff's claims

occurred in Hawaii.  The Leased Premises that is allegedly fraught with plumbing defects is located

in Hawaii.  ECF No. 1 at ¶ 4.  Accordingly, the construction, build-out, additional costs, and

delayed opening of the Hawaii restaurant were all events that occurred in Hawaii.  Additionally,

not just a substantial part, but the entirety of the property that is the subject of this action is situated

outside of Nevada.

No part of 28 U.S.C. § 1391's venue requirements are met by Plaintiff's Complaint rendering it ripe for dismissal.

**E.    Alternatively Transfer of Venue to the District of Hawaii is Warranted**

Should this Court determine dismissal for improper venue is not appropriate, Ala Moana moves this Court to transfer venue to the District of Hawaii.

First, under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." (emphasis added). As this action could have been brought in the District of Hawaii from the outset, transfer would be appropriate.

Next, under 28 U.S.C. § 1404(a), a court *may* transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice" to any district where the action might have been properly brought, whether or not venue is proper where initially filed. Whereas relief under § 1406(a) is imperative if a case is filed in an improper venue, under § 1404(a) the district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

For discretionary transfers under §1404, the district court considers the following factors: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of

compulsory process to compel attendance of unwilling non-party witnesses, (8) the ease of access to sources of proof, (9) the presence of a forum selection clause, and (10) the public policy of the forum state, if any. *Jones*, 211 F.3d at 498–99.

In support of its motion to transfer under § 1404, Ala Moana reiterates the reasons outlined above regarding the unreasonableness of finding personal jurisdiction over Ala Moana. The District of Hawaii will be most familiar with governing law. The contacts with the Hawaii forum are significant for both Plaintiff and Ala Moana and to the contrary Ala Moana's contacts with Nevada are nonexistent. All known potential witnesses and sources of proof related to the condition of the Leased Premises are in Hawaii.  Ex. A., Decl. of Christopher Brandon at ¶ 16. Should venue not be transferred, litigation in Nevada will costs significantly more.

Finally, although one factor for consideration is the Plaintiff's choice of forum, Plaintiff has waived choice of forum in the Lease.  The Lease between Plaintiff and Ala Moana contains a negotiated forum selection clause—specifically, the clause allows Ala Moana to choose the forum and it chooses the District of Hawaii. Ex. A, Decl. of Christopher Brandon at ¶ 15.

As this Court recently affirmed in *Howard v. Snap Inc*., 2024 U.S. Dist. LEXIS 210615, 2024 WL 4839751 (D. Nev. Nov. 19, 2024): "'Forum selection clauses are considered prima facie valid.' *Fouad on behalf of Digital Soula Sys. v. State of Qatar*, 846 F. App'x 466, 469 (9th Cir. 2021). They should be 'given controlling weight in all but the most exceptional cases.' *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 59-60, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013) (citation omitted) …." *Accord SmarterSwipe, Inc. v. Navarrete*, 2024 U.S. Dist. LEXIS 198690, 2024 WL 5007294 (D. Nev. Oct. 31, 2024) (quoting *Atlantic Marine* for the proposition that selection clauses "represent the parties' agreement as to the most proper forum" and, having been bargained for by the parties, "protects their legitimate expectations and furthers vital interests of the justice system.").

The forum selection clause of the Lease is representative of Plaintiff and Ala Moana's agreement as to what the most proper forum would be in the event litigation occurred. This term was bargained for and was included in the Lease to protect both parties' expectations of where litigation would take place.

Based upon the considerations of convenience and fairness, it is most appropriate for this action to be heard in the alternate forum of the United States District Court, District of Hawaii.

## IV.    CONCLUSION

For these reasons as discussed in this Memorandum, Defendants respectfully request that the Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, Fed. R. Civ. P. 12(b)(6) for the untimely filing pursuant to the Lease's statute of limitations, Fed. R. Civ. P. 9(b) for failing to meet the heightened pleading standards for fraud claims, and Fed. R. Civ. P. 12(b)(3) as Nevada is clearly an improper venue. In the alternative, Ala Moana requests that this case be transferred to the United States District Court, District of Hawaii pursuant to 28 U.S.C. §§ 1406(a) or 1404(a) and the parties' negotiated forum selection clause.

KAEMPFER CROWELL

By: _____
Anthony J. Celeste, No. 8776
Isabella Goldsmith, No. 16870
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

*Attorneys for Defendant*
*GGP ALA Moana, LLC*

KAEMPFER
CROWELL

1

**INDEX OF EXHIBITS**

2

| **Exhibit A** | Declaration of Christopher Brandon | | 001–005 |
|---|---|---|---|
| | **Exhibit A-1** | Guaranty and Lease Agreement dated July 29, 2021 | 001–067 |
| | **Exhibit A-2** | First Amendment of Lease dated Dec. 14, 2022 | 001–003 |
| | **Exhibit A-3** | Second Amendment of Lease dated March 12, 2023 | 001–003 |
| | **Exhibit A-4** | Third Amendment of Lease dated Sep. 11, 2023 | 001–003 |
| | **Exhibit A-5** | Fourth Amendment of Lease dated Feb. 27, 2025 | 001–006 |
| | **Exhibit A-6** | Fifth Amendment and Assignment of Lease dated July 16, 2025 | 001–009 |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

KAEMPFER
CROWELL

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am an employee of Kaempfer Crowell and that service of the **MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE** was made on today's date by submitting electronically for filing and service with the United States District Court for the District of Nevada through the CM/ECF Electronic Filing System to the addressee(s) shown below:

MICHAEL A. PIESCIK, Counsel for Plaintiff SF HAWAII 88 LLC
michael@enaralaw.com

Dated October 30, 2025

Courtney Droessler
An employee of Kaempfer Crowell

KAEMPFER
CROWELL