**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SF Hawaii 88, LLC, a Nevada limited liability company; Laurence Rudolph, an individual; and Jennifer Rudolph, an individual,<br><br>    Plaintiffs<br><br>v.<br><br>GGP Ala Moana, LLC, a Delaware limited liability company,<br><br>    Defendant | Case No. 2:25-cv-01778-JAD-EJY<br><br>**Order Granting Motion to Dismiss for Want of Personal Jurisdiction and Closing Case**<br><br>ECF Nos. 17, 18, 21, 22, 32 |

Nevada limited liability company SF Hawaii 88, LLC, leased commercial space in a Honolulu, Hawaii, shopping center to build out and operate a Sugar Factory restaurant and candy store. SF and its owners claim that the landlord, GGP Ala Moana, LLC, a Delaware company with its principal place of business in Hawaii, failed to disclose defects in the leased space's plumbing system and pushed to hire Ala Moana's preferred contractor, all of which caused costly damage and delays. So the restauranteurs filed this suit against Ala Moana for contract, tort, and fraud claims in their own home district of Nevada.

Ala Moana now moves to dismiss these claims for various reasons, including for lack of personal jurisdiction, and it alternatively moves to transfer venue to Hawaii because it is the epicenter of the events giving rise to this case. The restauranteurs countermove for leave to conduct jurisdictional discovery and to file a second amended complaint to add claims against Ala Moana's parent company, Brookfield Properties Retail, Inc. Because I find that this court lacks jurisdiction over Ala Moana and that the plaintiffs have not demonstrated that jurisdictional

discovery is merited, I grant Ala Moana's motion to dismiss on that basis, don't reach its remaining dismissal arguments, and deny all remaining motions.

**Analysis**

Ala Moana argues that it lacks the ties to Nevada necessary for this court to exercise jurisdiction over it.[1] As a Delaware limited liability company with its principal place of business in Honolulu, Hawaii, Ala Moana contends that its only connection to Nevada is the plaintiffs in this case, which the law deems insufficient to let it be sued here.[2] The plaintiffs don't deny that Ala Moana's connections are independently inadequate, but they argue that jurisdiction can be imputed through Ala Moana's alter ego Brookfield, a Delaware corporation that "either by itself or through its related entities owns property in Nevada and continuously conducts business" here.[3] In essence, the plaintiffs are arguing that this court can exercise general jurisdiction over Ala Moana based on Brookfield's business endeavors in this state.[4] At a minimum, the plaintiffs argue, they should get to conduct jurisdictional discovery to demonstrate this alter ego relationship between Ala Moana and Brookfield and dig up other jurisdictional support.[5]

---

[1] ECF No. 17 at 6.

[2] *See* Decl. of Christopher Brandon, ECF No. 17-1 at 3, ¶¶ 4–7.

[3] ECF No. 19 at 3.

[4] The plaintiffs do not argue that Ala Moana or Brookfield is subject to specific jurisdiction here—nor could they because there are no allegations to suggest that the events underlying this case occurred in Nevada and not Hawaii. *See* ECF No. 23-2 (declaration of Christopher Brandon, in which he declares that all acts on behalf of Ala Moana related to the lease and any amendments were performed by persons located outside the state of Nevada); *accord* ECF No. 23-3 (declaration of Erich Otting).

[5] ECF No. 19 at 5.

**A.    The plaintiffs have not met their burden to establish a prima facie showing of personal jurisdiction.**

A court has general jurisdiction only over defendants with "continuous and systematic" contacts with the forum state—contacts so pervasive that they "approximate" the defendant's "physical presence" in the forum state.[6]  General jurisdiction focuses on the connection between the defendant and the state—asking whether that connection is so great that the defendant is essentially "at home" in the state: can this defendant be sued *generally* for anything here?  "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world."[7]  To defeat a motion to dismiss a complaint for lack of personal jurisdiction, the plaintiff must make a prima facie showing of facts to support the exercise of personal jurisdiction.[8]

Even if I assume that Brookfield is Ala Moana's alter ego, dismissal is still appropriate because the plaintiffs have not made a prima facie case that Brookfield's contacts with Nevada are so great that it is essentially at home here.  The plaintiffs' personal-jurisdiction theory is explained in the amended complaint using entirely conclusory statements about continuous and systematic business activities:

> Upon information and belief, [Ala Moana] is a subsidiary of Brookfield Properties, which either by itself or through its related entities owns property in Nevada and continuously and systematically conducts business in Clark County, Nevada. Brookfield Properties' general counsel, Kristen Pate, executed the subject lease and each amendment to the subject lease.[9]

[6] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

[7] *Id.*

[8] *Id.* at 800.

[9] ECF No. 9 at ¶ 4.

In their opposition to the motion to dismiss, the plaintiffs add that Brookfield has been registered to do business in Nevada since 2012:

> [A]ccording to the Nevada Secretary of State website, Brookfield is registered to do business in Nevada and has a registered agent located in Nevada.  Indeed, Brookfield has been registered to do business in Nevada since 2012.[10]

"As such, there is no dispute that Brookfield is subject to jurisdiction by this court," they conclude.[11]

But as the United States Supreme Court explained in *Daimler AG v. Bauman*, even continuous and systematic contacts in the state are not enough.  "[T]he inquiry . . . is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State.'"[12]  For an out-of-state company to be subject to general jurisdiction in a state, its "contacts must be 'constant and pervasive.'  The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business.  'Only in an exceptional case will general jurisdiction be available anywhere else.'"[13]

---

[10] ECF No. 19 at 4.

[11] *Id*.  In a footnote in their response brief, the plaintiffs add that "It is indisputable that Brookfield has continuous and systematic contacts in Nevada through its operation of at least three malls in Las Vegas, Nevada (Grand Canal Shoppes, Meadows Mall, and Fashion Show Las Vegas)."  *Id*. at n.1.  "Arguments raised only in footnotes . . . are generally deemed waived" and need not be considered.  *Estate of Saunders v. Comm'r*, 745 F.3d 953, 962 n.8 (9th Cir. 2014).  I thus do not consider this footnoted point.

[12] *Daimler AG v. Bauman*, 571 U.S. 117, 138–39 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

[13] *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (quoting *Daimler*, 571 U.S. at 122, and *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014)).

The plaintiffs have not made out a prima facie case that this is such an exceptional case.[14] At most, their factual allegations show that Brookfield has been registered to do business in this state for 14 years, but that fact isn't dispositive. "Registration to do business in a state is not enough to establish the corporation is at home in that state . . . ; corporations may be registered in multiple states."[15] This is particularly true in Nevada. As the Nevada Supreme Court explained last year in *Matter of Richard H. Goldstein Irrevocable Trust*, the statute that requires any out-of-state business entity doing business in Nevada to appoint and keep a resident agent "does not condition the privilege to do business in Nevada on consenting to general personal jurisdiction" here.[16] So a registrant does "not consent to personal jurisdiction by virtue of registering an agent and complying" with Nevada's business-registration laws.[17]

**B.    Jurisdictional discovery is not warranted.**

The plaintiffs argue that any deficiency in their showing of jurisdiction should be met not with dismissal but with the opportunity to conduct jurisdictional discovery.[18] But when "a

[14] The plaintiffs countermove for leave to file a second amended complaint that adds Brookfield as a defendant. ECF No. 22. Because I find that they have not made out a prima facie case of personal jurisdiction over Brookfield, and because I am dismissing the case against Ala Moana for want of personal jurisdiction, the requested amendment would be futile.

[15] *Kokkoros v. Equinity Trust Co.*, 2026 WL 1194816, *8 (N.D. Cal. May 1, 2026) (citing *King v. Am Family Mut. Ins. Co.*, 632 F.3d 570, 575 (9th Cir. 2011)).

[16] *Matter of Richard H. Goldstein Irrevocable Tr.*, 141 Nev. Adv. Op. 41, 575 P.3d 72, 79 (Aug. 28, 2025) (citing Nev. Rev. Stat. § 14.020).

[17] *Id.* at 80. *See also AM Tr. v. UBS AG*, 681 F. App'x 587, 588–89 (9th Cir. 2017) (declining to find personal jurisdiction over foreign company registered to do business in California, noting "even if UBS were registered to do business in California . . . , California does not require corporations to consent to general personal jurisdiction in that state when they designate an agent for service of process or register to do business.").

[18] ECF No. 19 at 5.

plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations . . . , the Court need not permit even limited discovery."[19]

That's the case here.  Even if I credit their theory that Brookfield is Ala Moana's alter ego such that its contacts can be imputed to Ala Moana for jurisdictional purposes, the plaintiffs have not shown that discovery would lead them to facts establishing that Brookfield's contacts in Nevada were so continuous and systematic as to render it essentially at home here.  They say merely that "[i]f permitted to conduct jurisdictional discovery, [they] believe they will uncover even more facts demonstrating the alter ego relationship between [Ala Moana] and Brookfield and, more importantly for purposes of the Motion, the existence of jurisdiction by this Court."[20] This generalized hunch is not enough to open the door to jurisdictional discovery.[21]

**Conclusion**

IT IS THEREFORE ORDERED that Defendant GGP Ala Moana, LLC's motion to dismiss for lack of personal jurisdiction **[ECF No. 17] is GRANTED; this case is DISMISSED for want of personal jurisdiction** over the lone defendant, GGP Ala Moana, LLC.

IT IS FURTHER ORDERED that:

- The alternate motion to change venue or transfer **[ECF No. 18] is DENIED** as moot;

---

[19] *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (*Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995)).

[20] ECF No. 19 at 5.

[21] *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) ("The denial of Boschetto's request for discovery, which was based on little more than a hunch that it might yield jurisdictionally relevant facts, was not an abuse of discretion."); *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (district court did not abuse its discretion by refusing jurisdictional discovery because the plaintiffs "state[d] only that they 'believe[d]' that discovery will enable them to demonstrate sufficient California business contacts to establish the court's personal jurisdiction").

- Plaintiffs' countermotion for leave to conduct jurisdictional discovery **[ECF No. 21] is DENIED**;

- Plaintiffs' countermotion for leave to amend **[ECF No. 22] and** to strike section II. A. of the defendant's reply brief **[ECF No. 32]**[22] **are DENIED as moot**; and

- **The Clerk of Court is directed to CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
June 9, 2026

---

[22] The challenged section contains arguments that this court did not consider in reaching this decision.